## KENDALL *vs.* VALLEJO.

In an action brought to recover the contract price agreed to be paid for work and materials, the defendant will not be permitted to insist at the trial that the work was done in an unworkmanlike manner, unless he has set up such defense in his answer.

Where there was a special contract to build a *corral*, and it was proposed by the defendant at the trial to prove that the *corral would not answer the purpose for which it was intended*, and the district judge excluded the evidence; *Held*, that his ruling was correct, as the question between the parties was not whether the *corral would answer the purpose for which it was intended*, but whether it was built *according to the terms of the contract*.

APPEAL from the district court of the seventh judicial district. The facts are stated in the subjoined opinion.

——————————, for plaintiff.

*Mr. Lee* and *Horace Hawes*, for defendant.

*By the Court*, BENNETT, J. The complaint is founded upon a special contract, by which the plaintiff agreed to build a

*corral* for the defendant for the sum of $2400, and it alleges that the work was completed within the time, and of the dimensions, required by the contract. The answer denies the making of the contract, and also that the " plaintiff built and completed " a *corral* for the defendant in manner and form as the plaintiff " has above thereof complained."

At the trial the defendant offered to prove, " that the *corral* " mentioned and described in the complaint was not built in a " workmanlike manner, and that it would not answer the pur- " pose for which it was intended." This offer was overruled by the court, and the proposition thus presented forms the only point in the case.

Under the new system of practice adopted in this state, the plaintiff is required to set forth in his complaint a statement of the facts constituting his cause of action, (*Practice Act, sec.* 38,) and the defendant, in his answer, a general or specific denial of each allegation of the complaint controverted by him, and a statement of any *new matter* constituting a defense. (*id. sec.* 45.)

We think that the defect, if any existed, in the construction of the *corral*, was *new matter* within the meaning of this clause of the statute, which should have been specially set up in the answer. The object aimed at by our system of pleading is to apprise the opposite party of the nature of the action, and of the grounds of defense, which the parties respectively intend to rely upon at the trial. This purpose will be more surely attained by requiring such a defense as the one under consideration, to be specially alleged in the answer. Under the old plea of the general issue in an action of assumpsit, the defense that work for which the plaintiff sought to recover, was performed in an unskillful manner, has been in some cases held to be admissible ; (10 *Barr*, 43 ;) while, in others, it has been required to be specially noticed. (*The Mayor, &c., of Albany* v. *Trowbridge*, 5 *Hill*, 71 ; *Barber* v. *Rose, id.* 76.) We think the doctrine of the latter cases more consistent with our system of pleading, than that of the case cited from *Barr's Reports*, and shall, accordingly, adopt it. It follows that the ruling of the district

judge in excluding evidence to prove that the *corral* was not built in a workmanlike manner, was correct.

The exception, so far as regards the other portion of the judge's decision must also be overruled. There was a contract between the parties, by which the plaintiff bound himself to construct a *corral* of certain specified dimensions ; and, at the trial, the defendant offers to prove that the *corral* built by the plaintiff *would not answer the purpose for which it was intended.* This was not the point properly in issue. The question was whether the *corral* was built according to the terms of the contract? If it was, the plaintiff was entitled to recover, whether it answered the purpose for which it was intended or not. The judgment should be affirmed.

Ordered accordingly.